**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————————
CHAITANYA KADIYALA and KELLEY )
SHARKEY, on behalf of themselves )
individually and all others similarly situated, )
)
               Plaintiffs, )    No.: 11-cv-7103 (JLS)
)
        -v- )
)
OLYMPUS CORPORATION, TSUYOSHI )
KIKUKAWA, and SHUICHI TAKAYAMA )
)
            Defendants. )
—————————————————————)

**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

PLEASE TAKE NOTICE THAT Plaintiffs, pursuant to Federal Rule of Civil Procedure

23, respectfully move for an order preliminarily approving the settlement of this securities fraud

class action against Defendant Olympus Corporation ("Olympus" or the "Company").

As more fully explained in the accompanying Memorandum of Law, the grounds for this

Motion are as follows:

1.     This action is brought on behalf of those who purchased or otherwise acquired the

American Depository Receipts ("ADRs") of Olympus between May 8, 2007 and November 7,

2011 (the "Class" and the "Class Period"), seeking remedies under the federal securities laws.

2.     In September 2013 the parties reached an agreement in principle to resolve this

matter.  On December 23, 2013, the parties executed a Stipulation of Settlement (the

"Stipulation"), along with the necessary exhibits, memorializing the terms of the resolution of

this action in exchange for a cash payment from Olympus in the amount of $2,603,500.00 (the

"Settlement").  A copy of the Stipulation is attached hereto as Exhibit A.

3.      Pursuant to the Stipulation, Federal Rule of Civil Procedure 23 and the requirements of due process, the Court should preliminarily approve the Settlement because it is within the range of possible approval.  Preliminary approval of the Settlement would, among others:

        i.      preliminarily certify the class for settlement purposes pursuant to Rule 23;

        ii.      approve the substance, form and manner of distributing the notice of settlement, summary notice and proof of claim to class members;

        iii.      approve the retention of Gilardi & Co. LLC as the Claims Administrator for the Settlement;

        iv.      fix a Final Settlement Hearing date at which time the parties will present the Settlement to the Court for final approval; and,

        vi.      establish a timeline and briefing schedule pursuant to which the notice is distributed to the Class and papers in support of final settlement approval will be filed with the Court.

5.      A proposed Order Preliminarily Approving Settlement and Providing for Notice is attached to the Stipulation as Exhibit A.  That proposed order includes blanks for the date and time of the final settlement hearing, which the Court must complete in order to properly effectuate the Settlement.[1]  In this regard, the parties request that the final settlement hearing be scheduled at least 90 days after entry of preliminary approval in order to give the parties and the class sufficient time to review and present the Settlement.  Accordingly, the parties request the following schedule if the Court preliminarily approves the Settlement:

---

[1]  Blanks in the Notice, Proof of Claim and Summary Notice will be completed by the parties based on the final settlement hearing date set by the Court.

| Event | Time for Compliance |
|---|---|
| Deadline for distributing Notice and Proof of Claim to class members (the "Notice Date") | No later than 20 days after preliminary approval |
| Deadline for publishing Summary Notice | No later than 30 days after preliminary approval |
| Deadline for class members to submit Proof of Claim | No later than 100 days after the Notice Date |
| Deadline for class members to request exclusion from the settlement | No later than 21 days before the Final Settlement Hearing |
| Deadline for class members to object to the settlement | No later than 14 days before the Final Settlement Hearing |
| Deadline for filing papers in support of Settlement | No later than 7 days before the Final Settlement Hearing |
| Final Settlement Hearing Date | At least 90 days after entry of the Order Preliminarily Approving Settlement and Providing for Notice |

5.      Defendant has reviewed this motion and supports the requested relief.

Accordingly, Plaintiffs respectfully request that the Court grant the motion.


Dated: December 26, 2013                    Respectfully submitted,

                                            /s/ Steven J. Greenfogel
                                            Steven J. Greenfogel
                                            LITE DEPALMA GREENBERG, LLC
                                            1521 Locust Street, 7th Floor
                                            Philadelphia, PA 19102-3727
                                            Tel: (267) 519-8306
                                            Fax: (215) 569-0958

                                            SARRAF GENTILE LLP
                                            Ronen Sarraf
                                            Joseph Gentile
                                            1055 Franklin Avenue, Suite 204
                                            Garden City, NY 11530
                                            Tel: (516) 699-8890
                                            Fax: (516) 699-8968

                                            VIANALE &VIANALE LLP
                                            Kenneth J. Vianale
                                            2499 Glades Road, Suite 112
                                            Boca Raton, FL  33431
                                            Tel: (561) 392-4750
                                            Fax: (561) 392-4775

                                            *Attorneys for Plaintiffs*

Exhibit A

EXECUTION COPY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | No. 11-cv-7103 (JLS) |
| v. | ) ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (with the Exhibits attached hereto), dated as of December 23, 2013 (the "Stipulation"), is made and entered into by and between: (i) Plaintiffs Chaitanya Kadiyala and Kelly Sharkey (on behalf of themselves and each of the other Class Members), by and through their counsel of record in the above-captioned Litigation, and (ii) Defendant Olympus Corporation ("Olympus" and, collectively with Plaintiffs, on behalf of themselves and each of the other Class Members, the "Settling Parties") by and through its counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined in Section IV hereof), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

On November 14, 2011, Lloyd Graham filed a Class Action Complaint in the United States District Court for the Eastern District of Pennsylvania (the "Court") on behalf of a putative class of all persons or entities who purchased or otherwise acquired Olympus American

Depository Receipts ("ADRs") between November 7, 2006 and November 7, 2011, inclusive, styled *Graham v. Olympus Corp., et al.*, No. 11-cv-7103, against Olympus and three former officers and directors of Olympus, Tsuyoshi Kikukawa and Shuichi Takayama (the "Individual Defendants"), and Michael C. Woodford.  The *Graham* action alleged violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  On November 17, 2011, a substantially similar Amended Complaint was filed under the same case number replacing Graham with Chaitanya Kadiyala as named plaintiff.

On September 24, 2012, the Court appointed Kadiyala as Lead Plaintiff and approved his selection of Vianale & Vianale LLP and Sarraf Gentile LLP as Co-Lead Counsel ("Lead Plaintiff's Counsel") and Lite DePalma Greenberg, LLC as Liason Counsel.

On January 15, 2013, Plaintiffs filed their Second Amended Class Action Complaint (the "Second Amended Complaint"), which added Kelly Sharkey as a named plaintiff and removed Michael C. Woodford as a defendant.  On March 5, 2013, Olympus and the Individual Defendants moved to dismiss the Second Amended Complaint.  Following briefing by both sides, the Court, on May 9, 2013, granted Plaintiffs leave to amend further the Second Amended Class Action Complaint.

Pursuant to the Court's May 9, 2013 order, Plaintiffs filed their Third Amended Class Action Complaint on June 7, 2013 (the "Third Amended Complaint").  The Third Amended Complaint alleged a class period of May 8, 2007 to November 7, 2011, inclusive.  Olympus and the Individual Defendants moved to dismiss the Third Amended Complaint on June 24, 2013.  Plaintiffs' opposition brief was filed on July 11, 2013, and Olympus and the Individual Defendants filed their reply briefs on July 23, 2013.  Oral argument on the motions to dismiss was scheduled for September 30, 2013.

Following arm's-length discussions, the Settling Parties reached an agreement in principle to settle the Litigation on or about September 26, 2013, and entered into a Memorandum of Understanding ("MOU") setting forth the general terms of the agreement. The Settling Parties informed the Court of the settlement in principle, and oral argument on the motions to dismiss was taken off the Court's calendar. On September 26, 2013, Plaintiffs filed a stipulation dismissing the Individual Defendants from the Litigation without prejudice.

## II.      CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe the claims asserted in the Litigation have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Olympus through trial and through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Among other things, Plaintiffs have considered the risks posed by Olympus's pending motion to dismiss, as well as the inherent problems of proof and possible defenses to the securities law violations asserted in the Litigation even if the Third Amended Complaint were not dismissed. The Plaintiffs believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation, the Plaintiffs and Lead Plaintiff's Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Plaintiffs and the Class.

## III.     OLYMPUS'S DENIAL OF WRONGDOING AND LIABILITY

Olympus expressly has denied and continues to deny all charges of wrongdoing or liability to Plaintiffs and the Class arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Olympus continues to believe the

claims asserted against Olympus in the Litigation are without merit, and that the Litigation could not be properly brought as a class action.  Nonetheless, Olympus has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs (for themselves and the Class Members) and Olympus, by and through their respective attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.   Definitions

As used in the Stipulation, the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2   "Claims Administrator" means the firm to be retained by Lead Plaintiff's Counsel, subject to Court approval, to provide all notices approved by the Court to Class Members, process Proofs of Claim and administer the Settlement.

1.3   "Class" or "Class Member" means any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive, and were allegedly damaged thereby.  Excluded from the Class are Olympus, current or former officers and directors of

Olympus, any entity in which Olympus has or had a majority interest, and the legal representatives, successors, affiliates and assigns of Olympus.  Also excluded from the Class are those persons who, although otherwise entitled to be in the Class, timely and validly request exclusion from the Class pursuant to the procedure for exclusion described in the Notice of Pendency of Class Action and Proposed Settlement.  The Class shall be certified by stipulation for purposes of this Settlement only.

1.4     "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.5     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.6     "Escrow Agent" means the Claims Administrator or its duly appointed agent(s). The Escrow Agent shall perform the duties set forth in this Stipulation.

1.7     "Escrow Account" means the account to be designated by the Escrow Agent to hold the Settlement Fund.

1.8     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B hereto, shall occur:  (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has been passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following entry of the Judgment unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation

shall be deemed to be the next business day after such 33rd day; and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal (and without being subject to further appeal or review by petition for a writ of certiorari) in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorney's fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.9     "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.10    "Lead Plaintiff" means Chaitanya Kadiyala.

1.11    "Lead Plaintiff's Counsel" means Vianale & Vianale LLP and Sarraf Gentile LLP.

1.12    "Litigation" means *Kadiyala*, *et al. v. Olympus Corp.*, *et al.*, No. 11-cv-7103 (JLS) (E.D. Pa.), pending in the United States District Court for the Eastern District of Pennsylvania, before the Honorable Jeffrey L. Schmehl.

1.13    "Net Settlement Fund" means the Settlement Fund less:  (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court, including any award to Plaintiffs for reasonable costs and expenses (including lost wages) pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 (the "PSLRA").

1.14    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, which is to be sent to members of the Class and, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.15    "Notice and Administration Expenses" means all fees and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to:  (i) providing notice of the proposed Settlement by mail, publication and other means, (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vii) fees related to the Escrow Account and investment of the Settlement Fund.

1.16    "Olympus" means Olympus Corporation and its past or present parents, subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, and assigns.

1.17    "Olympus ADRs" means Olympus American Depository Receipts.

1.18    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.19    "Plaintiffs" means Chaitanya Kadiyala and Kelly Sharkey.

1.20    "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses (as those terms are defined in ¶2.6(c) herein) and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation, and Olympus and the Released Parties shall have no responsibility therefore or liability with respect thereto.

1.22    "Preliminary Approval Order" means the order preliminarily approving the Settlement set forth in this Stipulation and directing notice thereof to the Class, to be entered by the Court substantially in the form attached hereto as Exhibit A.

1.23    "Released Claims" means any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in ¶1.29 herein), (i) that have been asserted in this Litigation by the members of the Class or any of them against any of the Released Parties (as defined in ¶1.24 herein), or (ii) that could have been asserted in any forum by the members of the Class or any of them or the successors or assigns of any of them against any of the Released Parties that arise out of, are based upon, or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Litigation and relate to the purchase, sale, holding, or other acquisition or disposition of Olympus ADRs.

1.24    "Released Parties" means Olympus and each and all of its past or present subsidiaries, parents, principals, affiliates, general or limited partners or partnerships, successors and predecessors, assigns, officers, directors, agents, employees, attorneys, advisors, investment advisors, investment bankers, underwriters, auditors, accountants, insurers, co-insurers, re-insurers, consultants, administrators, and any other entity in which Olympus has a controlling interest or which is related to or affiliated with Olympus.

1.25    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.26    "Settlement Fund" means the principal amount of Two Million Six Hundred Three Thousand Five Hundred Dollars ($2,603,500.00) in cash, to be paid to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

1.27    "Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and each of the other Class Members, and Olympus.

1.28    "Stipulation" means this Stipulation of Settlement.

1.29    "Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principal of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Olympus shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Olympus acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

      **2.**      **The Settlement**

            **a.**      **The Settlement Fund**

2.1    The principal amount of $2,603,500.00 in cash shall be paid or caused to be paid by Olympus to the Escrow Agent on or before ten (10) business days after the entry of the Preliminary Approval Order, provided, however, that if the Preliminary Approval Order is entered on or before December 31, 2013, such payment shall not be due until January 14, 2014. Upon execution of the Stipulation, Lead Plaintiff's Counsel shall provide Olympus's counsel wire transfer instructions for the transfer of the $2,603,500.00 to the Escrow Agent for deposit into the Escrow Account.

### b.    The Escrow Agent

2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released Parties shall bear no responsibilities, obligations or risks related to investment of the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Olympus.

2.4    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.5    Before the Effective Date, up to $70,000 of the Settlement Fund may be used as a Class Notice and Administration Fund, which may be used by the Claims Administrator to pay costs and expenses reasonably and actually incurred in connection with providing notice to the

Class, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs (collectively, "Notice and Administration Expenses"), if any, without further order of the Court or approval by Olympus.  The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation.  In no event shall the Released Parties have any responsibility for or liability with respect to the Escrow Agent or its actions or the Class Notice and Administration Fund.  After the Effective Date, the Escrow Agent may, if needed, utilize a portion of the balance of the Settlement Fund for the payment of additional Notice and Administration Expenses.

        **c.**    **Taxes**

2.6      (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.6, including, if necessary, the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent, or its agents(s), to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

        (b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent, or its agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without

limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the

election described in ¶2.6(a) hereof) shall be consistent with this ¶2.6 and in all events shall

reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned

by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.6(c) hereof.

    (c) All (i) taxes (including any estimated taxes, interest or penalties) arising

with respect to the income earned by the Settlement Fund, including any taxes or tax detriments

that may be imposed upon Olympus or the Released Parties with respect to any income earned

by the Settlement Fund for any period during which the Settlement Fund does not qualify as a

"qualified settlement fund" for federal or state income tax purposes (collectively "Taxes"), and

(ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.6

(including, without limitation, expenses of tax attorneys and/or accountants and mailing and

distribution costs and expenses relating to filing (or failing to file) the returns described in this

¶2.6) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In no event shall Olympus or

the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax

Expenses.  The Settlement Fund shall indemnify and hold each of Olympus and the Released

Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by

reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and

considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the

Escrow Agent out of the Settlement Fund without prior order from the Court or approval from

Olympus, and the Escrow Agent shall be obligated (notwithstanding anything herein to the

contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such

amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as

well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2);

neither Olympus nor any of the Released Parties are responsible therefore nor shall they have

any liability with respect thereto.  The Settling Parties agree to cooperate with the Escrow Agent,

each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out

the provisions of this ¶2.6.

(d)     For the purpose of this ¶2.6, references to the Settlement Fund shall

include both the Settlement Fund and the Class Notice and Administration Fund and shall also

include any earnings thereon.

### d.     Termination of Settlement

2.7     In the event that the Stipulation is not approved, or is terminated, canceled, or

fails to become effective for any reason, the Settlement Fund (including accrued interest) less

Notice and Administration Expenses, Taxes and Tax Expenses, and any other expenses actually

incurred or due and owing in connection with providing notice to the Class or administering the

settlement provided for herein shall be refunded to Olympus, as provided in ¶7.3 below.

### 3.     Preliminary Approval Order and Settlement Hearing

3.1     As soon as practicable after execution of the Stipulation, the Settling Parties shall

submit the Stipulation together with its exhibits to the Court and Plaintiffs shall apply for entry

of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto,

requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, the

certification of the Class for settlement purposes, and approval for mailing the Notice

substantially in the form of Exhibit A-1 hereto and publication of a Summary Notice,

substantially in the form of Exhibit A-2 hereto.  The Notice shall include the general terms of the

Settlement set forth in this Stipulation and the date of the Settlement Hearing.

3.2     Lead Plaintiff's Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing') and finally approve the Settlement as set forth herein.  At or after the Settlement Hearing, Lead Plaintiff's Counsel will also request that the Court approve the Proposed Plan of Allocation and the Fee and Expense Application.

3.3     Defendants shall comply with the notice requirement of the Class Action Fairness Act of 2005 ("CAFA") within the time period set forth in that statute.

**4.     Releases and Covenants**

4.1     Upon the Effective Date, as defined in ¶1.5 hereof, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form substantially in the form of Exhibit A-3 hereto, and shall forever be enjoined from prosecuting any Released Claims against any of the Released Parties.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against Released Parties.

4.3     Upon the Effective Date, as defined in ¶1.5 hereof, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from any claims relating to the institution, prosecution, or settlement of the Litigation, except to enforce the releases or other terms and conditions contained in this Stipulation.

4.4      Plaintiffs agree and covenant not to file or pursue any claim against Olympus between the date of this Stipulation and the Effective Date.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses reasonably and actually incurred, including, the costs and expenses of providing notice to the Class, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.6 hereof;

(c)     to pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon and any reimbursement of costs and expenses, as awarded by the Court pursuant to ¶6.1 or otherwise (the "Fee and Expense Award");

(d)     to distribute the balance of the Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to the Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4     Within the time period specified on the Proof of Claim and Release form or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in a form approved by the Court, signed under penalty of perjury and supported by

such documents as are specified in the Proof of Claim and Release form and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Plaintiff's Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     Upon order of the Court, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Plaintiff's Counsel shall, if feasible, reallocate such balance among Authorized Claimants who deposited the checks in the initial distribution in an equitable and economic fashion. Any balance which still remains in the Net Settlement Fund, after payment of Taxes and Tax Expenses, if any, shall be contributed to non-sectarian not-for-profit charitable organizations serving the public interest, designated by, and unaffiliated with, Lead Plaintiff's Counsel.

5.7     This is not a claims-made settlement.  Accordingly, once all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will by returned to Olympus.  Olympus and the Released Parties shall have no responsibility for,

or interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against Plaintiffs, the Escrow Agent, Plaintiffs' Counsel, Olympus or any of the Released Parties, the Claims Administrator or other entity designated by Lead Plaintiff's Counsel or the Court based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.     Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1     Lead Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") to the Court for a Fee and Expense Award consisting of:  (a) an award of reasonable attorneys' fees from the Settlement Fund; (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation; (c) reimbursement, pursuant to the Private Securities Litigation Reform Act, of reasonable costs and expenses (including lost wages) incurred by Plaintiffs directly relating to

their representation of the Class; and (d) any interest on such attorneys' fees and expenses awarded at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  The Released Parties shall take no position on Lead Plaintiff's Counsel's application for attorneys' fees, for reimbursement of expenses, or request for reimbursement of Plaintiffs' reasonable costs and expenses (including lost wages) incurred in the representation of the Class.

6.2     The Fee and Expense Award, as awarded by the Court, shall be paid to Lead Plaintiff's Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  Lead Plaintiff's Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiffs' Counsel to the prosecution and settlement of the Litigation.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel shall, within five (5) business days from receiving notice from Olympus's counsel or from a court of appropriate jurisdiction, refund to Olympus the fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal or modification.  Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and allowance or disallowance by the Court of any applications by Lead Plaintiff's Counsel for attorneys' fees and expenses, including the fees of experts and

consultants, to be paid out of the Settlement Fund, or Lead Plaintiff's request for reimbursement, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any other order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Olympus and the Released Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel or with respect to any portion of the Fee and Expense Award.

6.5     Olympus and the Released Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Olympus and the Released Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the contribution to the Settlement Fund, as required by ¶2.1 hereof;

(b)     Olympus has not exercised its option to terminate the Stipulation pursuant to ¶7.6 hereof;

(c)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment; and

(e)        the Judgment has become Final, as defined in ¶1.8 hereof.

7.2        Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Olympus in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Plaintiff's Counsel and counsel for Olympus mutually agree in writing to proceed with the Stipulation.

7.3        Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be cancelled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Olympus or Lead Plaintiff's Counsel to the Escrow Agent, subject to the terms of ¶2.7 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.5 hereof or are determined to be chargeable to the Notice and Administration Fund, including Taxes and Tax Expenses, shall be refunded by the Escrow Agent to Olympus upon written instructions from Olympus's counsel.  At the request of counsel for Olympus, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to Olympus.

7.4        In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation immediately prior to the execution of the MOU.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.6-2.7, 6.2, 7.3-7.5 hereof, shall have no further force and effect with respect to

the Settling Parties and shall not be used in the Litigation or in any other proceeding for any

purpose, and any judgment or order entered by the Court in accordance with the Stipulation shall

be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal

of any order of the Court concerning the Plan of Allocation, the amount of any attorneys' fees,

costs, expenses, and interest awarded by the Court to Plaintiffs' Counsel, or Lead Plaintiff's

request for reimbursement shall constitute grounds for cancellation or termination of the

Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to

its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any

amounts actually and properly disbursed from the Class Notice and Administration Fund.  In

addition, any expenses already incurred and properly chargeable to the Notice and

Administration Fund pursuant to ¶2.5 hereof at the time of such termination or cancellation, but

which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the

Stipulation prior to the balance being refunded in accordance with ¶¶2.7 and 7.3 hereof.

7.6     If prior to the Settlement Hearing, the aggregate number of Olympus ADRs

purchased or otherwise acquired by Persons who would otherwise be members of the Class, but

who request exclusion from that Class, exceeds the sum to be specified in a separate

supplemental agreement between Plaintiffs and Olympus (the "Supplemental Agreement"),

Olympus shall have, in its sole and absolute discretion, the option to terminate this Stipulation in

accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental

Agreement will not be filed with the Court unless required by court rule or unless and until a

dispute as between Plaintiffs and Olympus concerning its interpretation or application arises.

**8.     No Admission of Wrongdoing**

8.1     This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)     offered or received against Olympus as evidence of or construed or deemed to be evidence of any presumption, concession, or admission by Olympus of the truth of any fact alleged by any Class Member or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Olympus;

(b)     offered or received against Olympus as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Olympus, or against Plaintiffs or any Class Member as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)     offered or received against Olympus as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Olympus and the Released Parties may refer to it to effectuate the release granted them hereunder; or

(d)     construed against Olympus, Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits or the Supplemental Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear its own costs.

9.3     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.4     The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.5     Olympus and/or the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7     Lead Plaintiff's Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class that they deem appropriate.

9.8     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.9     The Stipulation shall be binding upon, and inure to the benefit of, successors and assigns of the parties hereto.

9.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.11    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

9.12    The Stipulation and Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that state's choice-of-law principles.

9.13    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.14    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of the date set forth on the first page hereof.

VIANALE & VIANALE LLP                          SARRAF GENTILE LLP

By: _____            By: _____
         Kenneth J. Vianale                                  Ronen Sarraf

2499 Glades Rd., Suite 112
Boca Raton, FL 33431
Telephone: (561) 392-4750                      1055 Franklin Ave., Suite 204
                                                               Garden City NY 11530
                                                               Tel.: (516) 699-8890
                                                               Fax: (516) 699-8968

*Co-Lead Counsel for Plaintiffs and the Class*

LITE DEPALMA GREENBERG, LLC

By: _____
         Steven J. Greenfogel

1521 Locust Street, 7th Floor
Philadelphia, PA 19102

Tel: (215) 564-5182

*Liason Counsel for Plaintiffs and the Class*

SHEARMAN & STERLING LLP

By: _____

Brian H. Polovoy

599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000

Edward N. Cahn
Evan H. Lechtman
BLANK ROME LLP
755 Windsor Drive, Suite 200
Allentown, PA 18195-1034
Telephone: (610) 530-2706
Facsimile: (610) 530-2727

*Attorneys for Defendant Olympus Corporation*

EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------x
CHAITANYA KADIYALA and KELLY            )
SHARKEY, on behalf of themselves        )
Individually and all others similarly situated,  )
                                        )        Case No. 11-cv-7103 (JLS)
                                        )
                                        )
                    Plaintiffs,         )
                                        )
                                        )
          -v-                           )
                                        )
                                        )
OLYMPUS CORPORATION, TSUYOSHI           )
KIKUKAWA, and SHUICHI TAKAYAMA,         )
                                        )
                                        )
                    Defendants.         )
-------------------------------------------------------------x
```

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before the Court entitled *Kadiyala, et. al. v. Olympus Corporation, et al.*, Case no. 11-cv-7103 (JLS)(E.D. Pa.)(the "Litigation");

WHEREAS the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of December ___, 2013 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein (the "Settlement"); and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2014, at __:__ __.m., at the courtroom of Honorable Jeffrey L. Schmehl, United States District Judge, Madison Building, 400 Washington Street, Room 401, Reading, Pennsylvania, to determine: (1) whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court, (2) whether a Class should be certified under Fed. R. Civ. P. 23 for the purpose of effectuating the Settlement, (3) whether the proposed Plan of Allocation should be approved, (4) whether a Judgment in the form of Exhibit B to the Stipulation should be entered herein, (5) the amount of attorneys' fees that should be awarded to Lead Plaintiff's Counsel, and (6) whether and in what amount to reimburse Lead Plaintiff's Counsel and Plaintiffs for their expenses in connection with the Litigation.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating the Settlement only, a class consisting of any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive, and were allegedly damaged thereby.  Excluded from the Class are Olympus, current or former officers and directors of Olympus, any entity in which Olympus has or had a majority interest, and the legal representatives, successors, affiliates and assigns of Olympus.  Also excluded are all

persons who, although otherwise entitled to be in the Class, timely and validly request exclusion from the Class pursuant to the procedures for exclusion described herein.

4.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), Summary Notice , and the Proof of Claim and Release form (the "Proof of Claim") annexed as Exhibits A-1, A-2 and A-3 to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.     Lead Plaintiff's Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as process the claims submitted as more fully set forth below:

(a)     Within 20 days of the date of this Order (the "Notice Date"), Lead Plaintiff's Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-3 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)     Within 30 days of the date of this Order, Lead Plaintiff's Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)     At least seven calendar days prior to the Settlement Hearing, Lead Plaintiff's Counsel shall serve on Olympus' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.     Nominees who held Olympus ADRs, purchased or otherwise acquired during the period between May 8, 2007 and November 7, 2011, inclusive, shall send the Notice and the

Proof of Claim to the beneficial owners of such Olympus ADRs within ten days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7.      All Members of the Class shall be bound by all determinations and judgments in the Class Action concerning the Settlement, whether favorable or unfavorable to the Class.

8.      Any potential Member of the Class may request to be excluded from the Class. Any such Person must submit to the Claims Administrator and to counsel for Olympus a request for exclusion ("Request for Exclusion") postmarked no later than twenty-one (21) calendardays prior to the Settlement Hearing date, that must comply with the requirements set forth in the Notice and must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases or acquisitions and/or sales of Olympus ADRs made between May 8, 2007 and November 7, 2011, inclusive, including the dates of purchase or acquisition and/or sale, the number of securities purchased, acquired and/or sold, and the number of Olympus ADRs currently held; (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

9.      Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than one hundred (100) calendar days from the Notice Date. Any Class Member who does not timely submit a

Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but the claims of such Class Member shall nonetheless be barred by entry of the Judgment.

10.      Any Member of the Class may enter an appearance in the Litigation, individually or through counsel of their own choice, at their own expense.  Any Class Member wishing to enter an individual appearance, or to address the Court at the Settlement Hearing, must file with the Court, and deliver a copy to all counsel, no later than fourteen (14) calendar days prior to the Settlement Hearing a "Notice of Appearance and of Intention to Appear at Settlement Hearing." This Notice must state the Class Member's name, address and telephone number, and must establish that the filer is a Member of the Class.  Any Class Member who does not file a Notice of Appearance will be represented by Lead Plaintiff's Counsel.

11.      Pending final determination of whether the Settlement should be approved, the Lead Plaintiff shall not, either directly, representatively, or in any other capacity, commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12.      Any Member of the Class may show cause, if he, she or it has any, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs'

counsel, unless that Person has filed a written objection with the Court, with a copy served on all counsel, no later than fourteen (14) calendar days prior to the Settlement Hearing Date. Objections must contain (1) the objector's name, address, and telephone number, (2) a statement establishing that the objector is a member of the Class, (3) a statement of all grounds upon which the Class Member objects to the Settlement, or any aspect of it, (4) copies of any papers and briefs upon which the objector intends to rely, and (5) the name of each witness, if any, whom the objector intends to rely upon or call to testify at the Settlement Hearing.  Any Class Member who intends to appear at the Settlement Hearing and address the Court in connection with an objection must file a "Notice of Appearance and of Intention to Appear at Settlement Hearing" as described in ¶10, along with his or her objection.  Any Member of the Class or other person who does not make his, her or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and reimbursement of expenses to counsel for the Plaintiffs, unless otherwise ordered by the Court.

13.     All funds held by or on behalf of the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 24, 2013.

**EXHIBIT A**

15.     All papers in support of the Settlement, the Plan of Allocation, any application by counsel for the Plaintiffs for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

16.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid from the Settlement Fund, as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of their counsel shall have any obligation to repay to the Settlement Fund any amounts due and owing from the Settlement Fund in connection with administration of the fund.

17.     As provided for in paragraph 8.1 of the Stipulation, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Olympus of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:_____

_____
HONORABLE JEFFREY L. SCHMEHL
UNITED STATES DISTRICT JUDGE

Exhibit A-1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | No. 11-cv-7103 (JLS) |
| v. | ) ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF PENDENCY AND
## PROPOSED SETTLEMENT OF CLASS ACTION

TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED

OLYMPUS CORPORATION ("OLYMPUS") AMERICAN DEPOSITORY RECEIPTS

("ADRs") BETWEEN MAY 8, 2007 AND NOVEMBER 7, 2011, INCLUSIVE (THE

"CLASS PERIOD").

**Please read this Notice carefully and in its entirety. Your rights may be affected by proceedings in this Litigation.  Please note that if you are a Class Member, you may be entitled to share in the proceeds of the Settlement described in this notice.  To claim your share of this fund, you must submit a valid Proof of Claim and Release postmarked on or before _____, 2014.**

1

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court").  The purpose of this Notice is to inform you of the pendency and proposed settlement of this Class Action and of the upcoming court hearing to consider the fairness, reasonableness, and adequacy of the Settlement.  This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted.  This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this Class Action.

This class action was prosecuted by Lead Plaintiff Chaitanya Kadiyala and additional plaintiff Kelly Sharkey (together, "Plaintiffs") against Olympus and certain of the Company's former officers. As is described in more detail in Section III A., Plaintiffs, on their own behalf and on behalf of other Olympus ADR purchasers, alleged that Olympus and the other defendants violated United States securities laws by making false and misleading statements about Olympus' financial condition.

Pursuant to the Settlement, Olympus has paid $2,603,500.00 in cash into an interest-bearing account to create a Settlement Fund for distribution to qualified Class Members, after payment of court-approved expenses.  Your recovery from this fund will depend on a number of factors, including the number of Olympus ADRs you purchased between May 8, 2007 and November 7, 2011, inclusive, and the timing of your purchases and any sales. Depending on the number of Olympus ADRs purchased by Class Members who elect to participate in the Settlement and when those securities were purchased and sold, Plaintiffs believe that the

2

estimated average recovery will be approximately $3.37 per Olympus ADR (which Plaintiffs believe represents approximately 42.6% of estimated average damages per Olympus ADR), before deduction of Court-approved fees and expenses.

Plaintiffs and Olympus do not agree on the average amount of damages per ADR that would be recoverable if the Plaintiffs were to have prevailed on each claim alleged.  The issues on which the parties disagree include: (1) the appropriate economic model for determining the amount by which the price of Olympus ADRs was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which the price of Olympus ADRs was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of Olympus ADRs at various times during the Class Period; (4) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Olympus ADRs at various times during the Class Period; (5) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Olympus ADRs at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of Olympus ADRs at various times during the Class Period; and (7) whether the statements allegedly made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws.

Court-appointed Lead Plaintiff's Co-Counsel Vianale & Vianale LLP and Sarraf Gentile LLP and liaison counsel Lite, DePalma, Greenberg LLC, who have been prosecuting this case on a wholly contingent basis since its inception in 2011, have not received any payment of attorneys' fees or reimbursement of expenses incurred in prosecuting this case.  Among other

things, Lead Plaintiff's Counsel have (1) conducted an extensive investigation, which included analyzing thousands of pages of documents, interviewing witnesses, and retaining and directing the efforts of a financial expert; (2) drafted an initial complaint and three amended complaints; (3) responded to two rounds of motions to dismiss by the Defendants; and (4) engaged in extensive negotiations with defense counsel prior to agreement being reached on the Settlement. If the Settlement is approved by the Court, Lead Plaintiff's Counsel will apply to the Court for attorneys' fees of not more than 33 1/3% of the Settlement Fund, and reimbursement of counsel's out-of-pocket expenses not to exceed $100,000 to be paid from the Settlement Fund. Plaintiffs will also seek reimbursement of their expenses in representing the Class in the Litigation, including lost wages, not to exceed $5,000 for Chaitanya Kadiyala and $2,000 for Kelly Sharkey.  If the Court approves the attorneys' fee and expense reimbursement requested, Plaintiffs estimate that the average cost per share will be $1.26.   Additional information concerning Plaintiffs' request for payment of attorneys' fees and expenses is contained in Section XI of this Notice.

For further information regarding this settlement you may contact Lead Plaintiff's Counsel:  Julie Vianale, Esq., Vianale & Vianale LLP, 2499 Glades Road – Suite 112, Boca Raton, Florida 33431, Telephone: (561) 392-4750, or Ronen Sarraf, Esq., Sarraf Gentile LLP, 1055 Franklin Ave., Suite 204, Garden City NY 11530, Telephone: (516) 699-8890.

Lead Plaintiff's principal reason for entering into the Settlement is the substantial cash benefit the Settlement has obtained for the Class.   The cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after further litigation or a trial and the likely appeals that

4

would follow a trial, a process that could last many months, or even years, into the future. Olympus, denying all allegations of wrongdoing or liability whatsoever, is entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

## I.     NOTICE OF HEARING ON PROPOSED SETTLEMENT

A fairness hearing on the proposed settlement will be held on _____, 2014, at __:__ __.m., at the courtroom of Honorable Jeffrey L. Schmehl, United States District Judge, Madison Building, 400 Washington Street, Room 401, Reading, Pennsylvania (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the Class Action settlement, which will result in a settlement fund consisting of $2,603,500.00 plus interest in return for a release of the Class Members' "Released Claims" against the "Released Parties" (both of these terms are defined in Section II, below) and dismissal of the Class Action with prejudice, should be approved as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation," described in Section VIII, below) should be approved as fair, reasonable, and adequate; (3) whether Lead Plaintiff's Counsel's request for an award of attorneys' fees and reimbursement of expenses should be approved; (4) whether the Court should approve Plaintiffs' request for reimbursement of their expenses, including lost wages, in representing the Class in this Litigation, and (5) any other matter properly before the Court in connection with the Settlement.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.   If you plan on attending the Settlement Hearing, please contact Lead Plaintiff's Counsel in advance to re-confirm the date, time and location of the hearing.

## II.   DEFINITIONS USED IN THIS NOTICE

"Class" means any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive, and were allegedly damaged thereby.  Excluded from the Class are Olympus, current or former officers and directors of Olympus, any entity in which Olympus has or had a majority interest, and the legal representatives, successors, affiliates and assigns of Olympus.  Also excluded are all persons who, although otherwise entitled to be in the Class, timely and validly request exclusion from the Class pursuant to the procedures for exclusion described in Section VII, below.

"Class Member" or "Member of the Class" means a Person who falls within the definition of the Class provided above.

"Class Period" means the period from May 8, 2007 to November 7, 2011, inclusive.

"Lead Plaintiff" means Chaitanya Kadiyala.

"Lead Plaintiff's Counsel" means court-appointed Co-Lead Counsel in the Class Action: Vianale & Vianale LLP and Sarraf Gentile LLP.

"Litigation" means *Kadiyala, et al. v. Olympus Corp., et al.*, No. 11-cv-7103 (JLS) (E.D. Pa.), pending in the United States District Court for the Eastern District of Pennsylvania, before the Honorable Jeffrey L. Schmehl.

 "Olympus" means Olympus Corporation and its past or present parents, subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, and assigns.

"Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust,

6

unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

"Plaintiffs" means Chaitanya Kadiyala and Kelly Sharkey.

"Released Claims" means any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Litigation by the members of the Class or any of them against any of the Released Parties (as defined below), or (ii) that could have been asserted in any forum by the members of the Class or any of them or the successors or assigns of any of them against any of the Released Parties that arise out of, are based upon, or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Litigation and relate to the purchase, sale, holding, or other acquisition or disposition of Olympus ADRs.

"Released Parties" means Olympus and each and all of its past or present subsidiaries, parents, principals, affiliates, general or limited partners or partnerships, successors and predecessors, assigns, officers, directors, agents, employees, attorneys, advisors, investment advisors, investment bankers, underwriters, auditors, accountants, insurers, co-insurers, re-

insurers, consultants, administrators, and any other entity in which Olympus has a controlling interest or which is related to or affiliated with Olympus.

"Settlement Fund" means the principal amount of Two Million, Six Hundred and Three Thousand, Five Hundred Dollars ($2,603,500.00) in cash to be paid pursuant to the Stipulation of Settlement executed between Plaintiffs and Olympus Corporation on December __, 2013, plus all interest earned thereon pursuant to the Stipulation, less any and all taxes due, owing, or paid on the interest accrued.

"Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and each of the other Class Members, and Olympus.

"Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

8

Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principal of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Olympus shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Olympus acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## III.     THE LITIGATION

### A.     <u>The Allegations against Olympus</u>

9

The initial Complaint and the subsequent amended complaints alleged that Olympus made false statements during the Class Period about the Company's financial condition. The complaints alleged that in the late 1980's, Olympus began losing money on its product sales in the United States. Olympus tried to make up for this sales shortfall by trading in speculative securities. That strategy resulted in Olympus suffering trading losses topping more than a billion dollars. The complaints allege that instead of disclosing these losses to investors, Olympus carried out a fraudulent scheme to mask its trading losses as "goodwill" on its corporate acquisitions – goodwill which could be written down on its books over time. The scheme was successful for decades. But Olympus could not indefinitely shield its fraud from public exposure. In a press release on November 6, 2011, the Company admitted that it had conducted and concealed an elaborate financial fraud going back to the 1990's. Olympus' stock price dropped on the news, causing damages to Plaintiffs and other purchasers of Olympus ADRs.

**B.**     **The Litigation**

On November 14, 2011, Lloyd Graham filed a Class Action Complaint in the United States District Court for the Eastern District of Pennsylvania (the "Court") on behalf of a putative class of all persons or entities who purchased or otherwise acquired Olympus ADRs between November 7, 2006 and November 7, 2011, inclusive, styled *Graham v. Olympus Corp., et al.*, No. 11-cv-7103.  The defendants in this initial complaint were Olympus and three former officers and directors of Olympus, Tsuyoshi Kikukawa and Shuichi Takayama (the "Individual Defendants"), and Michael C. Woodford.  The *Graham* action alleged violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  On November 17,

2011, a substantially similar Amended Complaint was filed under the same case number replacing Graham with Chaitanya Kadiyala as named plaintiff.

On September 24, 2012, the Court appointed Kadiyala as Lead Plaintiff and approved his selection of Vianale & Vianale LLP and Sarraf Gentile LLP as Co-Lead Counsel ("Lead Plaintiff's Counsel") and Lite DePalma Greenberg, LLC as Liaison Counsel.

On January 15, 2013, Plaintiffs filed their Second Amended Class Action Complaint, which added Kelly Sharkey as a named plaintiff and removed Michael C. Woodford as a defendant.  On March 5, 2013, Olympus and the Individual Defendants moved to dismiss the Second Amended Complaint.  Following briefing by both sides, the Court, on May 9, 2013, granted Plaintiffs leave to amend further the Second Amended Class Action Complaint.

Pursuant to the Court's May 9, 2013 order, Plaintiffs filed their Third Amended Class Action Complaint on June 7, 2013.  The Third Amended Complaint alleged a class period of May 8, 2007 to November 7, 2011, inclusive.  Olympus and the Individual Defendants moved to dismiss the Third Amended Complaint on June 24, 2013.  Plaintiffs' opposition brief was filed on July 11, 2013, and Olympus and the Individual Defendants filed their reply briefs on July 23, 2013.  Oral argument on the motions to dismiss was scheduled for September 30, 2013.

### C.    Negotiation of the Settlement

Following arm's-length discussions, Olympus and the Plaintiffs reached an agreement in principle to settle the Litigation on or about September 26, 2013, and entered into a Memorandum of Understanding ("MOU") setting forth the general terms of the agreement.  The Settling Parties informed the Court of the settlement in principle, and oral argument on the motions to dismiss was taken off the Court's calendar.  Pursuant to the MOU, and for the

purpose of effectuating the Settlement, on September 26, 2013, Plaintiffs filed a stipulation dismissing the Individual Defendants from the Litigation without prejudice.

## IV.    CLAIMS OF THE PLAINTIFFS AND REASONS FOR SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and appeals.  Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiffs also are mindful of the inherent problems of proof under, and possible defenses to, the securities law claims asserted in the Litigation. Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and Lead Plaintiff's Counsel have determined that the settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of Plaintiffs and the Class.

## V.    OLYMPUS' DENIALS OF WRONGDOING AND LIABILITY

Olympus has denied and continued to deny each and all of the claims and contentions alleged by the Plaintiffs in the Litigation. Olympus expressly has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, including Unknown Claims, in the Litigation.  Olympus also has denied and continues to deny, *inter alia*, the allegations that Plaintiffs or the Class have suffered damage, that the prices of Olympus ADRs were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that

Plaintiffs or the Class were harmed by any of the conduct alleged or allegations made in the Litigation.  Nonetheless, Olympus has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI.    TERMS OF THE PROPOSED SETTLEMENT AND RELEASES

The aggregate sum of $2,603,500 in cash was paid by Olympus into an interest-bearing settlement account on _____.

Lead Plaintiff's Counsel will ask the Court to approve reimbursement from the Settlement Fund of certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with processing the claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Plaintiff's Counsel as attorneys' fees and to reimburse case-related expenses incurred by Lead Plaintiff's Counsel and Plaintiffs.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described in Section VIII to Class Members who submit valid and timely Proof of Claim and Release forms.  In return for this payment, the Releasing Parties (defined above) will release all of the Released Claims (defined above) against all of the Released Parties (defined above), and the Class Action will be dismissed with prejudice against Olympus.

**VII.    THE RIGHTS OF CLASS MEMBERS**

If you are a Class Member, you may receive the benefit of, and you will be bound by, the terms of the proposed settlement described in Section VI of this Notice when and if the proposed settlement is approved by the Court.

If you are a Class Member, you have the following options:

1.    **File a Proof of Claim and Release Form.**  You may file the Proof of Claim and Release Form accompanying this Notice, seeking payment from the Settlement Fund.  If you choose this option, you will remain a Class Member.  If the Settlement is approved by the Court, you will share in the proceeds of the proposed settlement if your claim is timely, valid and results in a recognized loss under the Plan of Allocation, and you will be bound by the Judgment and by the Release described in Sections II and VI.  To be valid, your completed Proof of Claim and Release Form must be postmarked on or before _____, 2014 and delivered to the Claims Administrator at the following address:

*Olympus ADR Class Action Litigation*
c/o Gilardi & Co. LLC
_____
_____

2.    **Request Exclusion from the Class.**  If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded. To exclude yourself from the Class you must state in writing: (a) your name, address, and telephone number; (b) each of your purchases or acquisitions and/or sales of Olympus ADRs made between May 8, 2007 and November 7, 2011, inclusive, including the dates of purchase or acquisition and/or sale, the number of securities purchased, acquired

14

and/or sold, and the number of Olympus ADRs currently held; (c) that you wish to be excluded

from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner

set forth in this paragraph shall have no rights under the Stipulation, shall not share in the

distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Judgment

entered in the Litigation.  All exclusion requests ("Request for Exclusion") must be mailed,

postmarked by _____, 2014, to both of the following addresses:

> *Olympus ADR Class Action Litigation*
> EXCLUSIONS
> c/o Gilardi & Co., LLC
> _____
>
> _____
>
> Counsel for Olympus
> BRIAN H. POLOVOY
> SHEARMAN & STERLING LLP
> 599 LEXINGTON AVENUE
> NEW YORK, NY 10022-6069

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS IT IS

POSTMARKED BY _____, 2014 AND ALL OF THE INFORMATION DESCRIBED

ABOVE IS INCLUDED.

If you validly request exclusion from the Class, (a) you will be excluded from the Class,

(b) you will not share in the proceeds of the Settlement Fund, (c) you will not be bound by any

judgment entered in the Class Action, and (d) you will retain the rights you have, if any, to

prosecute the Released Claims against the Released Parties.

3.    **Do Nothing.**   You may do nothing at all – neither file a Proof of Claim and

Release Form nor request exclusion from the class.  If you choose this option, you will not share

15

in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Parties.

If you are a Member of the Class and you have not excluded yourself in the manner described above, and you disagree with the Settlement, the Plan of Allocation, and/or the application of Lead Plaintiff's Counsel for an award of attorneys' fees and reimbursement of expenses, you may file an objection in the manner set forth in Section IX below (page ___). A Class Member who objects may also file a Proof of Claim and Release Form.  However, if your objection is rejected you will be bound by the Settlement and the Judgment just as if you had not objected.

Any Member of the Class may enter an appearance in the Litigation, individually or through counsel of their own choice, at their own expense.  Any Class Member wishing to enter an individual appearance, or to address the Court at the Settlement Hearing, must file with the Court and deliver a copy to all counsel, no later than _____, 2014 a "Notice of Appearance and of Intention to Appear at Settlement Hearing."  This Notice must state the Class Member's name, address and telephone number, and must establish that the filer is a Member of the Class. The addresses for filing the Notice of Appearance with the Court and sending copies to the attorneys are in Section XI of this Notice.  Any Class Member who does not file a Notice of Appearance will be represented by Lead Plaintiff's Counsel.

## VIII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation

described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Olympus ADRs during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiff's Counsel conferred with damage consultants and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered had Plaintiffs prevailed at trial.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

1. For each share of Olympus ADRs purchased between May 8, 2007 and October 13, 2011, inclusive and:

   a) Sold prior to the close of trading on October 13, 2011, the Recognized Loss is $0.00.

   b) Sold at a loss on October 14, 2011, the Recognized Loss shall be the lesser of:  a) $5.79 per share; or b) the difference between the purchase price per share and the sales price per share.

   c) Sold at a loss between October 15, 2011 and November 7, 2011, the Recognized Loss shall be the lesser of:  a) $12.06 per share; or b) the difference between the purchase price per share and the sales price per share.

17

d) Sold at a loss between November 8, 2011 and February 6, 2012, the Recognized Loss shall be the lesser of: a) $16.62 per share; b) the difference between the purchase price per share and the sales price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning November 8, 2011 through the date of sale.

e) Held as of the close of trading on February 6, 2012, the Recognized Loss shall be the lesser of: a) $16.62 per share; or b) the difference between the purchase price per share and $13.57 per share, if greater than zero.[1]

2. For each share of Olympus ADRs purchased on October 14, 2011 and:

a) Sold prior to the close of trading on October 14, 2011, the Recognized Loss is $0.00.

b) Sold at a loss between October 15, 2011 and November 7, 2011, the Recognized Loss shall be the lesser of: a) $6.27 per share; or b) the difference between the purchase price per share and the sales price per share.

c) Sold at a loss between November 8, 2011 and February 6, 2012, the Recognized Loss shall be the lesser of: a) $10.83 per share; b) the difference between the purchase price per share and the sales price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning November 8, 2011 through the date of sale.

d) Held as of the close of trading on February 6, 2012, the Recognized Loss shall be the lesser of: a) $10.83 per share; or b) the difference between the purchase price per share and $13.57 per share, if greater than zero.

3. For each share of Olympus ADRs purchased between October 15, 2011 and November 7, 2011, inclusive and:

a) Sold prior to the close of trading on November 7, 2011, the Recognized Loss is $0.00.

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean closing price of Olympus ADRs during the 90-day period beginning on November 8, 2011 and ending on February 6, 2012 was $13.57.

b) Sold at a loss between November 8, 2011 and February 6, 2012, the Recognized Loss shall be the lesser of $4.56 per share; or the difference between the purchase price per share and the mean trading price per share beginning November 8, 2011 through the date of sale.

c) Held as of the close of trading on February 6, 2012, the Recognized Loss shall be the lesser of:  a) $4.56 per share; or b) the difference between the purchase price per share and $13.57 per share, if greater than zero.

The date of acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

Olympus ADRs "transferred into," "delivered into" or "received into" a Class Member's account will not be considered as a purchase of ADRs unless the Class Member submits documentation demonstrating that the original purchase of these ADRs occurred during the Class Period.  Also, ADRs purchased and subsequently "transferred out" or "delivered out" of a Class Member's account will not be considered part of the Class Member's claim, as the right to file for those ADRs belongs to the person or party receiving the ADRs.

If you inherited or received a gift of Olympus ADRs during the Class Period, that inheritance or gift is not considered a purchase of Olympus ADRs unless your ancestor or donor was the actual purchaser of Olympus ADRs during the Class Period.  You, as a recipient of a gift or inheritance, and the original purchaser may not both file a claim with regard to the same Olympus ADRs.  If both you and the donor (or you and your ancestor's estate) make such a claim, only the claim filed by the recipient (or heir) will be honored.

For Class Members who held Olympus ADRs at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under

19

the FIFO method, sales of ADRs during the Class Period will be matched, in chronological order, first against ADRs held at the beginning of the Class Period. The remaining sales of ADRs during the Class Period will then be matched, in chronological order, against ADRs purchased during the Class Period.

The restrictions on computing Recognized Losses set out in the two bullet points below apply to all claims.  As a practical matter, however, they apply primarily to certain transactions engaged in by sophisticated traders or certain corporate or institutional Claimants:

- "Short" sales will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any option premium paid or received portion where the Olympus ADRs were purchased or sold by reason of having exercised or been assigned an option.

You can make a claim only for Olympus ADRs purchased with cash during the Class Period.  Olympus ADRs acquired in whole or part in return for services rendered, in return for barter, or in return for any other form of non-cash consideration will not be eligible for recovery in this case.

In the interest of economy, no payment will be made to any Authorized Claimant whose Payable Claim would be less than $10 based on the initial allocation of the Net Settlement Fund to the Authorized Claimants.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Olympus ADRs during the Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Nothing in this Plan of Allocation represents an admission by Olympus that there is liability or damage of any kind as a result of the allegations in the Amended Complaint or that the dollar amounts set forth in this Plan of Allocation reflect actual or potential damages to the Class.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff's Counsel, the Claims Administrator, or the Released Parties based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court. Any Class Member who fails to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## IX.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to the Released Parties.  The terms "Released Claims" and "Released Parties" are

defined in Section II of this Notice. The Judgment will provide that Plaintiffs and all Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Parties, and the Released Parties shall be deemed to have released and discharged all Class Members and Plaintiffs' Counsel from all claims arising out of the prosecution and settlement of the Litigation.

## X.   APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Plaintiff's Counsel will request the Court to award attorneys' fees of 33 1/3% of the Settlement Fund obtained in the Class Action, reimbursement of Lead Plaintiff's Counsel's expenses which were advanced in connection with the Class Action not to exceed $100,000, plus interest thereon, and Plaintiffs' expenses, including lost wages, not to exceed $5,000 for Lead Plaintiff Chaitanya Kadiyala and $2,000 for Plaintiff Kelly Sharkey. If the Court approves the attorneys' fee and expense reimbursement requested, the average cost per share will be $1.26.

To date, Lead Plaintiff's Counsel have not received any payment for their services in conducting this Class Action on behalf of Plaintiffs and the Class, nor have Lead Plaintiff's Counsel been reimbursed for their substantial out-of-pocket expenses. The fee requested by Lead Plaintiff's Counsel will compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class and for their risk in undertaking this representation on a wholly contingent-fee basis.

## XI.   THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and reimbursement of expenses incurred by Lead Plaintiff's

Counsel and Plaintiffs must submit their objection in writing.  Objections must be received by the Court on or before _____, 2014 at the following address:

> CLERK OF THE COURT
> EASTERN DISTRICT OF PENNSYLVANIA
> UNITED STATES COURTHOUSE
> MADISON BUILDING
> 400 WASHINGTON STREET
> READING, PENNSYLVANIA 19601

In addition to filing the objection with the Court, an objecting Class Member must mail a copy of their objection, postmarked on or before _____, 2014, to the attorneys for the Settling Parties at the following addresses:

> Lead Plaintiff's Counsel:
>
> RONEN SARRAF
> SARRAF GENTILE LLP
> 1055 FRANKLIN AVE., SUITE 204
> GARDEN CITY NY 11530
>
> JULIE PRAG VIANALE
> VIANALE & VIANALE LLP
> 2499 GLADES ROAD, SUITE 112
> BOCA RATON, FLORIDA 33431
>
> Counsel for Olympus:
>
> BRIAN H. POLOVOY
> SHEARMAN & STERLING LLP
> 599 LEXINGTON AVENUE
> NEW YORK, NY 10022-6069

The notice of objection must contain: (1) the objector's name, address, and telephone number, (2) a statement establishing that the objector is a member of the Class, (3) a statement of all grounds upon which the Class Member objects to the Settlement, or any aspect of it, (4)

23

copies of any papers and briefs upon which the objector intends to rely, and (5) the name of each witness, if any, whom the objector intends to rely upon or call to testify at the Settlement Hearing.  If you submit an objection on time that satisfies these requirements, you may, but do not need to, attend the Settlement Hearing to address the Court regarding your objection.  If you decide not to attend the Settlement Hearing, the Court will consider and decide on your objection based on the papers you file.  If you intend to appear at the Settlement Hearing personally or through an attorney whom you have hired, and address the Court in connection with an objection, must file a "Notice of Appearance and of Intention to Appear at Settlement Hearing" as described in Section VII, along with your objection.  Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XII.  SPECIAL NOTICE TO NOMINEES

If you currently hold or previously held Olympus ADRs purchased during the Class Period as nominee for a beneficial owner, then, within ten days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release Form by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator at the following address:

> *Olympus ADR Class Action Litigation*
> c/o Gilardi & Co., LLC
> _____
> _____

If you choose to mail the Notice and Proof of Claim and Release Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release that would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XIII.  EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States Courthouse, Madison Building, 400 Washington Street, Reading, Pennsylvania.

If you have any questions about the settlement of the Class Action, you may contact Lead Plaintiff's Counsel:  **VIANALE & VIANALE LLP,** Julie P. Vianale, Esq., 2499 Glades Road, Suite 112, Boca Raton FL 33431, Tel.: (561) 392-4750 and **SARRAF GENTILE LLP,** Ronen Sarraf, 1055 Franklin Ave., Suite 204, Garden City NY 11530, Tel.: (516) 699-8890.

**DO NOT TELEPHONE THE COURT, THE CLERK'S OFFICE OR ANY OF THE DEFENDANTS REGARDING THIS NOTICE**

IT IS SO ORDERED.

DATED:_____, 2013          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       EASTERN DISTRICT OF PENNSYLVANIA

**EXHIBIT A-2**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 11-cv-7103 (JLS) |
| v. | ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, | ) ) ) ) | |
| Defendants. | ) ) | |

## SUMMARY NOTICE

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED OLYMPUS CORPORATION ("OLYMPUS") AMERICAN DEPOSITORY RECEIPTS ("ADRs") BETWEEN MAY 8, 2007 AND NOVEMBER 7, 2011, INCLUSIVE (THE "CLASS PERIOD").

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Eastern District of Pennsylvania, a hearing will be held on _____, 2014, at __:__ __.m., at the courtroom of Honorable Jeffrey L. Schmehl, United States District Judge, Madison Building, 400 Washington Street, Room 401, Reading, Pennsylvania, for the purpose of determining:  (1) whether the proposed class action settlement for the sum of $2,603,500.00 in cash, on terms and conditions set forth in a Stipulation of Settlement dated as of December __, 2013, on file with the Court, including dismissal of this Litigation with prejudice and the release of certain actual or potential claims, should be approved by the Court as fair, just, reasonable and adequate; (2) whether the Plan of Allocation of the Settlement Fund is fair, just, reasonable and adequate and therefore should be approved; and (3) the reasonableness of the application of Lead

Plaintiff's Counsel for the payment of attorneys' fees and reimbursement of Lead Plaintiff's Counsel's and Plaintiffs' expenses incurred in connection with the Class Action, together with interest thereon.

If you purchased Olympus ADRs during the Class Period, your rights may be affected by this settlement.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Olympus ADR Class Action Litigation, c/o* Gilardi & Co. LLC, _____, or from Gilardi & Co's website of at www.gilardi.com.

If you are a Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release on the court-approved form no later than _____, 2014, establishing that you are entitled to a recovery.  If you remain a Class Member and do not submit a proper Proof of Claim and Release form, you will not share in the Settlement Fund but you nevertheless will be bound by the Order and Final Judgment of the Court.  To exclude yourself from the Class, you must submit a Request for Exclusion postmarked no later than _____, 2014.  Complete instructions on how to request exclusion from the Class are provided in the Notice.  If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Order and Final Judgment of the Court.

Further information may be obtained from Gilardi & Co. at the address noted above or by contacting Co-Counsel for Lead Plaintiffs and the Class:  **VIANALE & VIANALE LLP,** Julie P. Vianale, Esq., 2499 Glades Road, Suite 112, Boca Raton FL 33431, Tel.: (561) 392-4750 and **SARRAF GENTILE LLP,** Ronen Sarraf, Esq., 1055 Franklin Ave., Suite 204, Garden City NY 11530, Tel.: (516) 699-8890.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR ANY OF**

**THE DEFENDANTS REGARDING THIS NOTICE.**

DATED:  _____ , 2013           BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE EASTERN
                                          DISTRICT OF PENNSYLVANIA

EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 11-cv-7103 (JLS) |
| v. | ) ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, | ) ) ) | |
| Defendants. | ) ) | |

## PROOF OF CLAIM AND RELEASE

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a member of the Class based on your claims in the action entitled *Kadiyala, et al. v. Olympus Corporation, et al.,* Case No. 11-cv-7103 (JLS)(E.D. Pa.) (the "Litigation"), you must complete and, on page 11 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      **Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.**

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

*Olympus ADR Class Action Litigation*
Claims Administrator

**EXHIBIT A-3**

c/o Gilardi & Co., LLC

_____

_____

If you are NOT a Member of the Class (as defined in the "Notice of Pendency and Proposed Settlement of Class Action") DO NOT submit a Proof of Claim and Release Form.

4.      If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.      CLAIMANT IDENTIFICATION INSTRUCTIONS

1.      If you purchased or acquired American Depository Receipts ("ADRs") of Olympus Corporation and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificates were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Olympus ADRs which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE OLYMPUS ADRs UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and evidence of their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone

number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   CLAIM FORM INSTRUCTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in Olympus ADRs" to supply all required details of your transaction(s) in Olympus ADRs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      In order to calculate your Recognized Loss during the Class Period, please provide on the schedules all of the requested information with respect to all of your purchases or acquisitions and all of your sales of Olympus ADRs that took place at any time between May 8, 2007 and February 6, 2012, inclusive, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of such Olympus ADRs.  The date of a "short sale" is deemed to be the date of sale of such Olympus ADRs.

5.      You must attach to your claim form ***copies*** of broker confirmations or other documentation of your transactions in Olympus ADRs for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional

information as required to efficiently and reliably calculate your loss.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions on electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at _____ to obtain the required layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement and acceptance of electronically submitted data.

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

*Kadiyala, et al., v. Olympus Corporation, et al.*
Case No. 11-cv-7103 (JLS)
PROOF OF CLAIM AND RELEASE

**Must be Postmarked No Later Than:**
**_____, 2014**

(Please Type or Print)

PART I:      CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____      _____
City              State       Zip Code

_____      _____
Foreign Province        Foreign Country

_____    _____    Individual
Social Security Number or
Taxpayer Identification Number   _____    Corporation/Other

_____     _____(work)
Area Code        Telephone Number

_____     _____(home)
Area Code        Telephone Number

_____     _____(cell)
Area Code        Telephone number

_____
Email address

_____
Record Owner's Name (if different from beneficial owner listed above)

**EXHIBIT A-3**

PART II:       SCHEDULE OF TRANSACTIONS IN OLYMPUS ADRs

     A.       Number of Olympus ADRs held at the beginning of trading on May 8, 2007: _____

     B.       Olympus ADRs purchased or acquired between May 8, 2007 and February 6, 2012:

| Trade Date Month/Day/Year | Number of Olympus ADRs Purchased or Acquired | Total Purchase or Acquisition Price (excluding commissions, taxes and fees) |
|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ |

IMPORTANT:       Identify by number listed above all purchases in which you covered a "short sale":_____

         Identify by number all above purchases which resulted from the exercise of an option to purchase Olympus ADRs: _____

     C.       Olympus ADRs sold or otherwise disposed of between May 8, 2007 and February 6, 2012, inclusive:

| Trade Date Month/ Day/Year | Number of Olympus ADRs Sold or Otherwise Disposed of | Total Sales Price (excluding commissions, taxes and fees) |
|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ |

     D.       Number of Olympus ADRs held at the close of trading on November 7, 2011: _____

     E.       Number of Olympus ADRs held at the close of trading on February 6, 2012: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE CERTIFICATION AND RELEASE ON PAGE ___.

IV.      **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Lead Plaintiff's Counsel and/or Gilardi & Co. to support this claim if required to do so.

V.      **RELEASE**

1.       I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge the Released Parties from the Released Claims, as those terms are defined below.

2.       **RELEASE DEFINITIONS:**

(a)       "Released Claims" means  any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Litigation by the members of the Class or any of them against any of the Released Parties (as defined below), or (ii) that could have been asserted in any forum by the members of the Class or any of them or the successors or assigns of any of them against any of the Released Parties that arise out of, are based upon, or relate to the allegations, transactions,

facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Litigation  and relate to the purchase, sale, holding, or other acquisition or disposition of Olympus ADRs.

(b)      "Released Parties" means Olympus and each and all of its past or present subsidiaries, parents, principals, affiliates, general or limited partners or partnerships, successors and predecessors, assigns, officers, directors, agents, employees, attorneys, advisors, investment advisors, investment bankers, underwriters, auditors, accountants, insurers, co-insurers, re-insurers, consultants, administrators, and any other entity in which Olympus has a controlling interest or which is related to or affiliated with Olympus.

(c)      "Class" or "Class Member" means any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive, and were allegedly damaged thereby.  Excluded from the Class are Olympus, current or former officers and directors of Olympus, any entity in which Olympus has or had a majority interest, and the legal representatives, successors, affiliates and assigns of Olympus.  Also excluded from the Class are those persons who, although otherwise entitled to be in the Class, timely and validly request exclusion from the Class pursuant to the procedure for exclusion described in the Notice of Pendency of Class Action and Proposed Settlement.  The Class shall be certified by stipulation for purposes of this Settlement only.

(d)      "Class Period" means May 8, 2007 to November 7, 2011, inclusive.

(e)      "Olympus" means Olympus Corporation and its past or present parents, subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, and assigns.

(f)     "Unknown Claims" means all claims, demands, rights, liabilities and causes of action of every nature and description which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principal of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Olympus shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without

malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Olympus acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

3.      This release shall be of no force or effect unless and until the Court enters a judgment approving the Settlement and the Court's judgment becomes final and non-appealable.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Olympus ADRs which occurred during the Class Period as well as the number of Olympus ADRs held by me (us) at the opening of trading on May 8, 2007, and at the close of trading on November 7, 2011.


PART II

**EXEMPTION FROM BACKUP WITHHOLDING**

I (We) certify that I am (We are) NOT subject to backup withholding under the provisions of section 3406(A)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you ARE subject to backup withholding, please strike out the language in the certification above that you are not subject to backup withholding and write the words "not exempt" here _____.


PART III

**CERTIFICATION**

- 10 -

**I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT**

Executed this \_\_\_\_ day of _____,

(Month / Year)

in _____, _____.

(City)                         (State / Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and declaration.

2.      If this Claim is being made on behalf of Joint Claimants then both must sign.

3.      Remember to attach only *copies* of supporting documentation, if available.

4.      Do not send original ADR certificates.

5.      Keep a copy of your completed claim form and documentation for your records.

6.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

EXHIBIT A-3

7.      If you move, or if these documents were sent to an old or incorrect address, please send us your new or correct address.

8.      Do not use red pen or highlighter on the Proof of Claim and Release Form or supporting documentation.

9.      If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

> *Olympus ADR Class Action Litigation*
> Claims Administrator
> c/o Gilardi & Co., LLC
> _____
> _____
> Telephone: _____
> Website: www.gilardi.com

EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 11-cv-7103 (JLS) |
| v. | ) ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, | ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated

_____, 2013, on the application of the Settling Parties for approval of the settlement

set forth in the Stipulation of Settlement dated as of December ___, 2013 (the "Stipulation").

Due and adequate notice having been given of the settlement as required in said Order, and the

Court having considered all papers filed and proceedings held herein and all oral and

written comments received regarding the proposed settlement, and having reviewed the

entire record in the action, and good cause appearing therefor,

 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all

terms used herein, unless otherwise defined herein, shall have the same meanings as set

forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over Lead

Plaintiff, all Members of the Class, and Olympus.

3.     The Court finds that distribution of the Notice and publication of the Summary Notice were effected in accordance with the Order Preliminarily Approving Settlement and Providing for Notice entered on _____ 2013 (the "Preliminary Approval Order") and:  (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise  Class Members of the pendency of the Litigation; the effect of the Stipulation, including the releases; the right of potential Class Members to exclude themselves from the Settlement and the Class; and the right to object to the Settlement; and (iii) that such notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law.

4.     In the Preliminary Approval Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified, for settlement purposes only, a Class consisting of any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive, and were allegedly damaged thereby.  Excluded from the Class are Olympus, current or former officers and directors of Olympus, any entity in which Olympus has or had a majority interest, and the legal representatives, successors, affiliates and assigns of Olympus.  Also excluded are all persons who, although otherwise entitled to be in the Class, timely validly requested exclusion from the Class pursuant to the procedures for exclusion described in the Preliminary Approval Order and Notice.   The list attached as Exhibit A to this Order contains the names of all Class members who have excluded themselves from the Class.

5.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate as to the Settling Parties.  This Court further finds the Settlement set forth in the Stipulation reflects a good faith settlement resulting from arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6.       The Litigation and all claims contained therein, including all of the Released Claims, are hereby dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise set forth herein and in the Stipulation.

7.       Upon the Effective Date, the Class shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all of the Released Parties from the Released Claims.  Regardless of whether a Class Member receives any cash distribution under the Settlement or executes and delivers the Proof of Claim and Release provided for in the Stipulation, each and every Class Member, on behalf of themselves and their respective predecessors, successors, and assigns, is hereby deemed to have, and by operation of this Judgment, shall have fully, finally, and forever released, relinquished, and discharged all of the Released Parties from the Released Claims.

8.       Upon the Effective Date hereof each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs and Plaintiffs' Counsel from any claims relating to the institution, prosecution, or settlement of the Litigation, except to enforce the releases or other terms and

conditions contained in this Stipulation.

9.      As provided under the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date:  (i) Olympus shall be deemed to have been, and by operation of this Judgment shall be, fully, finally, and forever discharged from all claims for contribution brought by any other persons that arise out of the Litigation, and all such claims are hereby barred; and (ii) Olympus is hereby barred from asserting any claims for contribution arising out of the litigation against any person, other than a person whose liability has been extinguished by this Settlement.

10.     Notwithstanding any of the foregoing, nothing herein shall release any obligations owed by any of the Settling Parties pursuant to the terms of the Stipulation.

11.     Any plan of allocation submitted by Lead Plaintiff's Counsel or any order entered herein or otherwise regarding the application by Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses, and by Plaintiffs for reimbursement of expenses, including lost wages, shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be: (a) offered or received against Olympus as evidence of or construed or deemed to be evidence of any presumption, concession, or admission by Olympus of the truth of any fact alleged by any Class Member or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing of Olympus, (b) offered or received against Olympus as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved

or made by Olympus, or against Plaintiffs or any Class Member as evidence of any infirmity in

the claims of Plaintiffs and the Class; (c) offered or received against Olympus as evidence of a

presumption, concession, or admission of liability, negligence, fault or wrongdoing, or in any

way referred to for any other reason as against any of the parties to the Stipulation, in any other

civil, criminal or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Stipulation; provided however, that Olympus and

the Released Parties may refer to it to effectuate the release granted herein; or (d) construed

against Olympus, Plaintiffs or the Class as an admission or concession that the consideration

given in the Settlement represents the amount which could be or would have been recovered at

trial.

      13.     Olympus and/or the Released Parties may file the Stipulation and/or the

Judgment in any action that may be brought against them in order to support a defense, claim or

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

      14.     Lead Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of

_____ percent of the Settlement Fund, which the Court finds to be fair and reasonable, and

$_____ in reimbursement of costs and other expenses.  Lead Plaintiff Chaitanya Kadiyala

is awarded $_____ and Plaintiff Kelly Sharkey is awarded $_____ to reimburse them for their

expenses, including lost wages.  The Fee and Expense Award shall be paid from the Settlement

Fund to Lead Plaintiff's Counsel pursuant to the terms of the Stipulation.  The award of

attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion which, in the sole

opinion and discretion of the Lead Plaintiff's Counsel, fairly compensates Plaintiffs' Counsel for

their respective contributions in the prosecution of the Litigation.  Upon notice to Olympus' counsel, Lead Plaintiff's Counsel may, subsequent to the payment of the Fee and Expense Award hereinbefore described in this paragraph, apply to the Court for an award from the Settlement Fund of additional attorneys' fees and for reimbursement of additional costs and other expenses incurred in connection with the further administration of the Settlement.

15.     The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable, and equitable.

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive and continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) the parties to the Stipulation for the purpose of construing, enforcing, and administering the Stipulation.

17.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that Plaintiffs and Lead Plaintiff's Counsel adequately represented the Class for purposes of entering into and implementing the Settlement.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Olympus, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____, 2014

_____
HONORABLE JEFFEREY L. SCHMEHL
UNITED STATES DISTRICT JUDGE