UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA<br><br>Defendants. | No.: 11-cv-7103 (JLS) |

**NOTICE OF PLAINTIFFS' UNOPPOSED MOTION TO (1) CERTIFY A SETTLEMENT CLASS, (2) APPROVE THE SETTLEMENT AND PLAN OF ALLOCATION, (3) AWARD ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND (4) APPROVE PAYMENT OF A TIME AND EXPENSE AWARD TO PLAINTIFFS**

PLEASE TAKE NOTICE THAT Plaintiffs, pursuant to Federal Rule of Civil Procedure 23, respectfully move for an order granting final approval of the settlement of this securities fraud class action against Defendant Olympus Corporation ("Olympus" or the "Company").

As more fully explained in the accompanying Memorandum of Law and Joint Declaration of Kenneth J. Vianale and Ronen Sarraf, the grounds for this Motion are as follows:

1. This action is brought on behalf of those who purchased or otherwise acquired the American Depository Receipts ("ADRs") of Olympus between May 8, 2007 and November 7, 2011 (the "Class" and the "Class Period"), seeking remedies under the federal securities laws.

2. In September 2013 the parties reached an agreement in principle to resolve this matter. On December 23, 2013, the parties executed a Stipulation of Settlement (the "Stipulation"), along with the necessary exhibits, memorializing the terms of the resolution of

this action in exchange for a cash payment from Olympus in the amount of $2,603,500.00 (the "Settlement").

3. On December 26, 2013, Plaintiffs moved for preliminary approval of the Settlement [Dkt. No. 94]. A copy of the Stipulation was attached thereto [Dkt. No. 94-2]. On January 27, 2014, the Court held a hearing and signed the Order Preliminarily Approving Settlement and Providing for Notice [Dkt. No. 97] (the "Preliminary Order").

4. Pursuant to the Preliminary Order, the Class was preliminarily certified, the retention of the Claims Administrator was authorized, Notice was distributed to the Class and the Court scheduled a Final Settlement Hearing to take place on May 12, 2014, at 2 p.m.

5. Members of the Class were informed in the Notice of Pendency and Summary Notice that April 28, 2014 was the deadline to file with the Court any objection to the relief sought in this motion. That date has passed and no objection to any aspect of the relief sought herein has been filed.

6. Pursuant to the Preliminary Order, Rule 23, the requirements of due process, and the terms of the parties' Stipulation, the Court should grant final approval of this Settlement. In particular, the Court should:

    i. Certify the Class pursuant to Rule 23, Fed. R. Civ. P., upon a finding that the Class satisfies the requirements of Rule 23(a), (b)(3) and (c);

    ii. Approve the Settlement and Plan of Allocation as fair, reasonable and adequate pursuant to Rule 23(e)(2);

    iii. Approve an award of attorneys' fees and reimbursement of legal expenses under Rule 23(h) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(6), and individual case contribution awards to Plaintiffs.

7. A proposed Final Judgment and Order of Dismissal With Prejudice (the "Final Judgment") is attached to the Stipulation as Exhibit B.  A copy of the Final Judgment is also attached hereto as Exhibit A.[1]

8. Defendant has reviewed this motion and supports entry of the Final Judgment.

Accordingly, Plaintiffs respectfully request that the Court grant the motion in all respects.

Dated: May 5, 2014

Respectfully submitted,

/s/ Steven J. Greenfogel
Steven J. Greenfogel
LITE DEPALMA GREENBERG, LLC
1521 Locust Street, 7th Floor
Philadelphia, PA 19102-3727
Tel: (215) 268-7641
Fax: (215) 569-0958

SARRAF GENTILE LLP
Ronen Sarraf   (admitted *pro hac vice*)
Joseph Gentile (admitted *pro hac vice*)
1055 Franklin Avenue, Suite 204
Garden City, NY 11530
Tel: (516) 699-8890
Fax: (516) 699-8968

VIANALE &VIANALE LLP
Kenneth J. Vianale (admitted *pro hac vice*)
Julie Prag Vianale (admitted *pro hac vice*)
2499 Glades Road, Suite 112
Boca Raton, FL  33431
Tel: (561) 392-4750
Fax: (561) 392-4775

*Attorneys for Plaintiffs*

---

[1] The proposed Final Judgment includes blanks with regard to the amounts to be awarded to Plaintiffs and Co-Lead Counsel.

## CERTIFICATION OF UNCONTESTED MOTION

Pursuant to Local Rule 7.1(b), I hereby certify that, after conferring with opposing counsel in this action, and reviewing the record to date, Plaintiffs' motion to (1) certify a settlement class, (2) approve the settlement and plan of allocation, (3) award attorneys' fees and reimbursement of expenses, and (4) approve payment of a time and expense award to Plaintiffs, is not contested by any party or by any member of the proposed class at issue in this litigation.

Dated: May 5, 2014

        *s/ Kenneth J. Vianale*_____
        Kenneth J. Vianale (admitted *pro hac vice*)
        Vianale & Vianale LLP
        2499 Glades Road, Suite 112
        Boca Raton, FL 33431
        Tel.: (561) 392-4750

        ***Co-Lead Counsel for Plaintiffs***

# Exhibit A

# Proposed Final Judgment and Order of Dismissal with Prejudice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | No. 11-cv-7103 (JLS) |
| v. ) ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, ) ) ) | |
| Defendants. ) ) | |

**FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated January 27, 2014, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December 23, 2013 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in the action, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Litigation and over Lead

Plaintiff, all Members of the Class, and Olympus.

3. The Court finds that distribution of the Notice and publication of the Summary Notice were effected in accordance with the Order Preliminarily Approving Settlement and Providing for Notice entered on January 27, 2014 (the "Preliminary Approval Order") and: (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation; the effect of the Stipulation, including the releases; the right of potential Class Members to exclude themselves from the Settlement and the Class; and the right to object to the Settlement; and (iii) that such notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law.

4. In the Preliminary Approval Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified, for settlement purposes only, a Class consisting of any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive, and were allegedly damaged thereby. Excluded from the Class are Olympus, current or former officers and directors of Olympus, any entity in which Olympus has or had a majority interest, and the legal representatives, successors, affiliates and assigns of Olympus. Also excluded are all persons who, although otherwise entitled to be in the Class, timely validly requested exclusion from the Class pursuant to the procedures for exclusion described in the Preliminary Approval Order and Notice. The list attached as Exhibit A to this Order contains the names of all Class members who have excluded themselves from the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate as to the Settling Parties.  This Court further finds the Settlement set forth in the Stipulation reflects a good faith settlement resulting from arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. The Litigation and all claims contained therein, including all of the Released Claims, are hereby dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise set forth herein and in the Stipulation.

7. Upon the Effective Date, the Class shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all of the Released Parties from the Released Claims.  Regardless of whether a Class Member receives any cash distribution under the Settlement or executes and delivers the Proof of Claim and Release provided for in the Stipulation, each and every Class Member, on behalf of themselves and their respective predecessors, successors, and assigns, is hereby deemed to have, and by operation of this Judgment, shall have fully, finally, and forever released, relinquished, and discharged all of the Released Parties from the Released Claims.

8. Upon the Effective Date hereof each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs and Plaintiffs' Counsel from any claims relating to the institution, prosecution, or settlement of the Litigation, except to enforce the releases or other terms and

3

conditions contained in this Stipulation.

9. As provided under the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date: (i) Olympus shall be deemed to have been, and by operation of this Judgment shall be, fully, finally, and forever discharged from all claims for contribution brought by any other persons that arise out of the Litigation, and all such claims are hereby barred; and (ii) Olympus is hereby barred from asserting any claims for contribution arising out of the litigation against any person, other than a person whose liability has been extinguished by this Settlement.

10. Notwithstanding any of the foregoing, nothing herein shall release any obligations owed by any of the Settling Parties pursuant to the terms of the Stipulation.

11. Any plan of allocation submitted by Lead Plaintiff's Counsel or any order entered herein or otherwise regarding the application by Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses, and by Plaintiffs for reimbursement of expenses, including lost wages, shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be: (a) offered or received against Olympus as evidence of or construed or deemed to be evidence of any presumption, concession, or admission by Olympus of the truth of any fact alleged by any Class Member or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing of Olympus, (b) offered or received against Olympus as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved

or made by Olympus, or against Plaintiffs or any Class Member as evidence of any infirmity in the claims of Plaintiffs and the Class; (c) offered or received against Olympus as evidence of a presumption, concession, or admission of liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided however, that Olympus and the Released Parties may refer to it to effectuate the release granted herein; or (d) construed against Olympus, Plaintiffs or the Class as an admission or concession that the consideration given in the Settlement represents the amount which could be or would have been recovered at trial.

13. Olympus and/or the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Lead Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of _____ percent of the Settlement Fund, which the Court finds to be fair and reasonable, and $_____ in reimbursement of costs and other expenses. Lead Plaintiff Chaitanya Kadiyala is awarded $\_\_\_\_\_ and Plaintiff Kelly Sharkey is awarded $_____ to reimburse them for their expenses, including lost wages. The Fee and Expense Award shall be paid from the Settlement Fund to Lead Plaintiff's Counsel pursuant to the terms of the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion which, in the sole opinion and discretion of the Lead Plaintiff's Counsel, fairly compensates Plaintiffs' Counsel for

their respective contributions in the prosecution of the Litigation.  Upon notice to Olympus' counsel, Lead Plaintiff's Counsel may, subsequent to the payment of the Fee and Expense Award hereinbefore described in this paragraph, apply to the Court for an award from the Settlement Fund of additional attorneys' fees and for reimbursement of additional costs and other expenses incurred in connection with the further administration of the Settlement.

15.   The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable, and equitable.

16.   Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive and continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) the parties to the Stipulation for the purpose of construing, enforcing, and administering the Stipulation.

17.   The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that Plaintiffs and Lead Plaintiff's Counsel adequately represented the Class for purposes of entering into and implementing the Settlement.

18.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Olympus, then this Judgment shall be

rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

    IT IS SO ORDERED.

DATED: _____, 2014

                                                                                             _____
                                                                                 HONORABLE JEFFREY L. SCHMEHL
                                                                                 UNITED STATES DISTRICT JUDGE