## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAITANYA KADIYALA and KELLY SHARKEY, on behalf of themselves individually and others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No. 11-cv-7103 (JLS) |
| v. | ) ) | |
| OLYMPUS CORPORATION, TSUYOSHI KIKUKAWA, and SHUICHI TAKAYAMA, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

### FINAL JUDGMENT AND
### ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated

January 27, 2014, on the application of the Settling Parties for approval of the settlement set forth in

the Stipulation of Settlement dated as of December 23, 2013 (the "Stipulation"). Due and

adequate notice having been given of the settlement as required in said Order, and the Court having

considered all papers filed and proceedings held herein and all oral and written comments

received regarding the proposed settlement, and having reviewed the entire record in the

action, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all

terms used herein, unless otherwise defined herein, shall have the same meanings as set

forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over Lead

Plaintiff, all Members of the Class, and Olympus.

3.       The Court finds that distribution of the Notice and publication of the Summary

Notice were effected in accordance with the Order Preliminarily Approving Settlement and

Providing for Notice entered on January 27, 2014 (the "Preliminary Approval Order") and: (i)

constituted the best notice practicable under the circumstances to all persons within the definition of

the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise

Class Members of the pendency of the Litigation; the effect of the Stipulation, including the

releases; the right of potential Class Members to exclude themselves from the Settlement and the

Class; and the right to object to the Settlement; and (iii) that such notice fully satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States

Constitution, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other

applicable law.

4.       In the Preliminary Approval Order, pursuant to Rule 23 of the Federal Rules of

Civil Procedure, the Court has certified, for settlement purposes only, a Class consisting of any

person or entity, including their legal representatives, heirs, successors or assigns, who purchased

or otherwise acquired Olympus ADRs between May 8, 2007 and November 7, 2011, inclusive,

and were allegedly damaged thereby. Excluded from the Class are Olympus, current or former

officers and directors of Olympus, any entity in which Olympus has or had a majority interest,

and the legal representatives, successors, affiliates and assigns of Olympus. Also excluded are

all persons who, although otherwise entitled to be in the Class, timely validly requested

exclusion from the Class pursuant to the procedures for exclusion described in the Preliminary

Approval Order and Notice.   The list attached as Exhibit A to this Order contains the names of

all Class members who have excluded themselves from the Class.

2

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate as to the Settling Parties.  This Court further finds the Settlement set forth in the Stipulation reflects a good faith settlement resulting from arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6.      The Litigation and all claims contained therein, including all of the Released Claims, are hereby dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise set forth herein and in the Stipulation.

7.      Upon the Effective Date, the Class shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all of the Released Parties from the Released Claims.  Regardless of whether a Class Member receives any cash distribution under the Settlement or executes and delivers the Proof of Claim and Release provided for in the Stipulation, each and every Class Member, on behalf of themselves and their respective predecessors, successors, and assigns, is hereby deemed to have, and by operation of this Judgment, shall have fully, finally, and forever released, relinquished, and discharged all of the Released Parties from the Released Claims.

8.      Upon the Effective Date hereof each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs and Plaintiffs' Counsel from any claims relating to the institution, prosecution, or settlement of the Litigation, except to enforce the releases or other terms and

3

conditions contained in this Stipulation.

9.      As provided under the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date: (i) Olympus shall be deemed to have been, and by operation of this Judgment shall be, fully, finally, and forever discharged from all claims for contribution brought by any other persons that arise out of the Litigation, and all such claims are hereby barred; and (ii) Olympus is hereby barred from asserting any claims for contribution arising out of the litigation against any person, other than a person whose liability has been extinguished by this Settlement.

10.     Notwithstanding any of the foregoing, nothing herein shall release any obligations owed by any of the Settling Parties pursuant to the terms of the Stipulation.

11.     Any plan of allocation submitted by Lead Plaintiff's Counsel or any order entered herein or otherwise regarding the application by Lead Plaintiff's Counsel for attorneys' fees and reimbursement of expenses, and by Plaintiffs for reimbursement of expenses, including lost wages, shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be: (a) offered or received against Olympus as evidence of or construed or deemed to be evidence of any presumption, concession, or admission by Olympus of the truth of any fact alleged by any Class Member or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing of Olympus, (b) offered or received against Olympus as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved

4

or made by Olympus, or against Plaintiffs or any Class Member as evidence of any infirmity in the claims of Plaintiffs and the Class; (c) offered or received against Olympus as evidence of a presumption, concession, or admission of liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided however, that Olympus and the Released Parties may refer to it to effectuate the release granted herein; or (d) construed against Olympus, Plaintiffs or the Class as an admission or concession that the consideration given in the Settlement represents the amount which could be or would have been recovered at trial.

13.     Olympus and/or the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Lead Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of $33\frac{1}{3}\%$ percent of the Settlement Fund, which the Court finds to be fair and reasonable, and $ 21,226.75 in reimbursement of costs and other expenses. Lead Plaintiff Chaitanya Kadiyala is awarded $5000.00 and Plaintiff Kelly Sharkey is awarded $2,000.00 to reimburse them for their expenses, including lost wages. The Fee and Expense Award shall be paid from the Settlement Fund to Lead Plaintiff's Counsel pursuant to the terms of the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion which, in the sole opinion and discretion of the Lead Plaintiff's Counsel, fairly compensates Plaintiffs' Counsel for

5

their respective contributions in the prosecution of the Litigation. Upon notice to Olympus'

counsel, Lead Plaintiff's Counsel may, subsequent to the payment of the Fee and Expense Award

hereinbefore described in this paragraph, apply to the Court for an award from the Settlement

Fund of additional attorneys' fees and for reimbursement of additional costs and other expenses

incurred in connection with the further administration of the Settlement.

15.     The Plan of Allocation set forth in the Notice is hereby approved as fair,

reasonable, and equitable.

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains

exclusive and continuing jurisdiction over (a) implementation of this Settlement and any award or

distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

Settlement Fund; and (c) the parties to the Stipulation for the purpose of construing, enforcing,

and administering the Stipulation.

17.     The Court finds that during the course of the Litigation, the Settling Parties and

their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules

of Civil Procedure. The Court further finds that Plaintiffs and Lead Plaintiff's Counsel adequately

represented the Class for purposes of entering into and implementing the Settlement.

18.     In the event that the Settlement does not become effective in accordance with

the terms of the Stipulation or the Effective Date does not occur, or in the event that the

Settlement Fund, or any portion thereof, is returned to the Olympus, then this Judgment shall be

rendered null and void to the extent provided by and in accordance with the Stipulation and shall

6

be vacated and, in such event, all orders entered and releases delivered in connection herewith shall

be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _MAy  12_, 2014

HONORABLE JEFFREY L. SCHMEHL
UNITED STATES DISTRICT JUDGE

7

Exhibit A to
Final Judgment and Order of Dismissal With Prejudice
*Kadiyala v. Olympus Corporation*, Case No. No. 11-cv-7103 (JLS)


The following individuals shall be excluded from the Class, as further identified in Exhibit ● $\mathcal{B}$
(Exhibit E thereto) to the Joint Declaration of Kenneth J. Vianale and Ronen Sarraf:

Lee Keen Whye
Wong Chui Fong